IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JERRY PHIPPEN** ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00781 |
| ) | |
| **RUTHERFORD COUNTY ADULT** ) | |
| **DETENTION CENTER** *et al.* ) | |

**TO:** Honorable Waverly D. Crenshaw, Jr., United States District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Memorandum Opinion and Order entered January 3, 2025 (Docket Entry No. 8), this *pro se* and *in forma pauperis* prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are motions for summary judgment filed by Defendant Rudd Medical (Services) (Docket Entry No. 24) and Defendant Rutherford County, Tennessee (Docket Entry No. 33). Plaintiff has not responded to the motions. For the reasons set out below, the undersigned respectfully recommends that the motions be granted and that this action be dismissed.

### I. BACKGROUND AND COMPLAINT

Jerry Phippen ("Plaintiff") is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Morgan County Correctional Complex ("Morgan County") in Wartburg, Tennessee. Prior to his incarceration within TDOC's facilities, he was held as a pretrial detainee at the Rutherford County Adult Detention Center ("RCADC") in Murfreesboro, Tennessee. This lawsuit concerns events that happened while he was held at the RCADC.

On June 26, 2024, Plaintiff filed this *pro se* and *in forma pauperis* lawsuit against the RCADC and Rudd Medical (Services) ("Rudd Medical"), a private entity that provides health care to inmates at the RCADC. *See* Complaint (Docket Entry No. 1). He subsequently filed a supplement to his complaint. *See* Docket Entry No. 5. Plaintiff alleges that he suffers from a hernia in his groin "that has been diagnosed as over the limit where surgery is a must" and that causes him pain on a daily basis. (Docket Entry No. at 5.) He alleges that Mr. Dyran, the head nurse practitioner at the RCADC, refused to send him to surgery to repair the hernia and told him that he will have to wait until he is sent to state prison to obtain the needed surgery. (*Id.*) Plaintiff asserts that his complaints and grievances about the matter were essentially ignored by the medical staff and that he was embarrassed by comments made by the medical staff about the hernia and pictures that were taken of it. (*Id.*) Plaintiff seeks monetary relief under 42 U.S.C. § 1983 and further requests that (1) the Court order that he "be taken for immediate outside medical attention" at Rutherford County's expense and (2) Rudd Medical be investigated and reprimanded. (*Id.* at 5-6; Docket Entry No. 5 at 1.)

Upon initial review of the lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed the RCADC as a defendant, construed Plaintiff's pleadings to name Rutherford County, Tennessee ("Rutherford County") as a municipal defendant, and found that Plaintiff alleged an arguable claim against Rudd Medical and Rutherford County based on his allegation that he was denied constitutionally adequate medical care for his hernia. *See* Memorandum Opinion and Order at 4-6. After Defendants filed separate answers, a scheduling order was entered that provided for a period of pretrial activity in the case, including a period for discovery. *See* Docket Entry No. 22. All deadlines set out in the scheduling order have now expired. A jury trial is demanded, but a trial has not been scheduled pending resolution of the dispositive motions.

## II. MOTIONS FOR SUMMARY JUDGMENT

Defendant Rudd Medical timely filed its motion for summary judgment. The motion is supported by: 1) a memorandum of law (Docket Entry No. 25); 2) a statement of undisputed material facts ("SUMF") (Docket Entry No. 27); and, 3) the declaration of physician John Rudd (Docket Entry No. 26). Defendant contends that Plaintiff's hernia is a longstanding and chronic condition that existed upon his arrival at the RCADC and that it did not present an emergency or life-threatening medical condition. Defendant further asserts that Plaintiff was seen on numerous occasions by medical staff at the RCADC and was advised on a conservative treatment of monitoring, hydration, use of a hernia belt, and instructions on "reducing" the hernia. Defendant contends that there is no medical evidence that supports a conclusion that Plaintiff's hernia required immediate surgical intervention or required treatment beyond what he received and there is also no evidence supporting a conclusion that Rudd Medical has any type of policy or custom of denying medical services for inmates at the RCADC

Plaintiff was initially notified of the motion by Order entered June 30, 2025. See Docket Entry No. 28. Because a copy of that Order sent to Plaintiff at the RCADC was returned undelivered and because a change of address notice was filed on behalf of Plaintiff by his daughter on August 12, 2025, *see* Docket Entry Nos. 29 and 30, the Court directed Defendant Rudd Medical to re-serve the motion upon Plaintiff at Morgan County and gave Plaintiff a new response deadline of October 17, 2025. *See* Order entered September 15, 2025 (Docket Entry No. 31). To date, Plaintiff has not responded to the motion in any manner.

Defendant Rutherford County timely filed its motion for summary judgment. The motion is supported by a memorandum of law (Docket Entry No. 35) and a statement of undisputed material

facts ("SUMF") (Docket Entry No. 34). Defendant Rutherford County also relies on and incorporates the declaration of Dr. Rudd. Defendant Rutherford County argues that Plaintiff fails to set forth evidence that supports a reasonable conclusion that the manner of his medical treatment rose the level of a violation of his constitutional rights. Rutherford County further argues that Plaintiff fails to set forth any evidence of a municipal policy of inaction in the face of the serious medical needs of detainees at the RCADC. Rutherford County contends that, given the lack of evidence for these two required showings for Plaintiff's Section 1983 claim, there is no basis upon which it can be found liable in this case as a municipal defendant.

Plaintiff was notified of the motion by Order entered November 12, 2025, and given a response deadline of December 19, 2025. *See* Docket Entry No. 36. To date, Plaintiff has not responded to the motion in any manner.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The moving party has the burden of showing the absence of genuine factual disputes. *Anderson*, at 249-50; *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, the non-moving party must then set

4

forth specific facts showing that there is a genuine issue for trial. *Pittman,* 901 F.3d at 628. The nonmoving party "may not rely solely on the pleadings," *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003), and "is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her claims; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). In doing so, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986).

### IV. ANALYSIS

A. Constitutional Standards

42 U.S.C. § 1983 permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a claim under Section 42 U.S.C. § 1983, Plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).[1]

---

[1] Because Defendant Rudd Medical performs a traditional governmental function in

5

As a pretrial detainee, Plaintiff was entitled under the Fourteenth Amendment to a certain level of medical care during his pretrial detention. *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022); *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). Until recently, a pretrial detainee's right to medical care was analyzed under the same Eighth Amendment standards that apply to claims brought by convicted inmates, which requires a showing that a defendant subjectively acted with "deliberate indifference" towards the detainee's serious medical needs. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).

However, in *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305 (6th Cir. 2023), the Sixth Circuit specifically disavowed the continued use of the Eighth Amendment deliberate indifference standard for a pretrial detainee's Fourteenth Amendment medical care claim and clarified that the proper standard is:

> [a] plaintiff must show (1) that [the plaintiff] had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

60 F.3d at 317 (internal quotations deleted) (citing *Brawner v. Scott Cnty*, 14 F.4th 585, 596 (6th Cir. 2021). While this standard requires a lesser showing of culpability than for an Eighth Amendment claim, the standard nonetheless retains the truism that a showing of negligence is not sufficient to support a constitutional claim. *Brawner*, 14 F.4th at 596.

C. Plaintiff's Claim and Summary Judgment

Although Plaintiff's allegations were sufficient to permit his claim to survive initial review, Plaintiff has not rebutted the arguments for summary judgment made by Defendants and has also not presented evidence in support of his claim that would permit a reasonable jury to find in his favor.

---

providing medical care to inmates, it acts under the color of state law for the purposes of Section 1983. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018); *Street v. Corr. Corp. of*

After review of the evidence presented, the Court finds that no genuine issues of material exist that require resolution at trial and that summary judgment should therefore be granted to both Defendant Rudd Medical and Defendant Rutherford County.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' pending motions, the non-moving party may not merely rest on the allegations contained in the complaint but must respond with affirmative evidence that supports his claim and that establishes the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").

---

*Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff has not responded to the pending motions for summary judgment in any manner, has not provided evidence that tends to prove his allegations, and has not filed a specific response to Defendants' SUMF as required by Local Rule 56.01(e). Local Rule 56.01(g) provides that when a party fails to respond to a moving party's statement of undisputed material facts, "the asserted facts shall be deemed undisputed for the purposes of summary judgment." Accordingly, the facts set forth in Defendants' SUMF, which are supported by evidence from Defendants, are properly viewed by the Court as undisputed for the purposes of reviewing the motion for summary judgment.

The evidentiary record that is before the Court supports the grant of summary judgment to Defendant Rudd Medical. Defendant has presented unrebutted evidence that medical providers promptly responded to Plaintiff's complaints about his hernia, assessed Plaintiff's situation as being non-critical, and instituted a conservative course of treatment, including offering a hernia belt to Plaintiff and instructing him on increasing hydration, monitoring, and manipulation of the hernia. Defendant's unrebutted evidence is that surgical intervention was not necessary or required at the time.

When the evidence clearly shows that an inmate was provided with some treatment for the medical need at issue, even if it was a conservative course of treatment, the inmate's desire for additional or different treatment does not by itself suffice to support a constitutional claim based on alleged inadequate medical care. *See Anthony v. Swanson*, 701 F.App'x 460, 464 (6th Cir. 2017); *Mitchell v. Hininger*, 553 F.App'x. 602, 605 (6th Cir. 2014); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Generally, an inmate's disagreement with medical providers "over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Owens v. Hutchinson*, 79 F.App'x 159, 161 (6th Cir. 2003) (noting that "[a] patient's disagreement with his physicians over the proper

8

medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim"); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

While Plaintiff's hernia was a medical issue that warranted some level of treatment, it did not present an urgent or acute medical need that required immediate or emergency medical attention. In this sense, Plaintiff's case is readily distinguishable from cases in which a question for trial existed because a defendant failed to provide prompt treatment in response to an inmate's acute medical situation that necessitated immediate treatment. *See Grote v. Kenton Cnty., Kentucky*, 85 F.4th 397, 411 (6th Cir. 2023) (nurse failed to provide prompt treatment to inmate who showed visible signs of acute distress); *Helphenstine*, 60 F.4th at 322 (physician failed to provide prompt treatment and hospitalization to detainee who was suffering from drug/alcohol withdrawal); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550-51 (6th Cir. 2009) (nurse delayed treatment to inmate who exhibited symptoms of significant dehydration and heat stroke); *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 540 (6th Cir. 2008) (inmate exhibited two weeks of severe symptoms at jail prior to her death); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004) (treatment was delayed for inmate suffering from appendicitis).

In the end, Plaintiff's claim is based upon his dissatisfaction with the adequacy of the treatment that he received, which is insufficient to support a constitutional claim. Furthermore, Plaintiff fails to provide any type of medical evidence to support his contention that he should have been provided with a surgery for the hernia. In the absence of such supporting evidence, Plaintiff's desire for different or more aggressive treatment is simply not sufficient to support a constitutional

9

claim. *See Rhinehart v. Scutt*, 894 F.3d 721, 741 (6th Cir. 2018) (prisoner failed to introduce expert medical evidence that would enable a jury to find that more aggressive treatment was necessary); *Anthony v. Swanson*, 701 F.App'x 460, 464 (6th Cir. 2017) (defendants entitled to summary judgment because prisoner failed to support his claim that he should have been provided with a more aggressive treatment with expert medical testimony); *Blosser v. Gilbert*, 422 F.App'x. 453, 460-61 (6th Cir.2011) (holding that a prisoner who was "regularly examined by the medical staff at the prison and received his pain medication, monitoring, and care" but, despite an emergency room doctor's recommendation, was not referred to a specialist for almost a month could not succeed without providing "verifying medical evidence of the detrimental effect of the delay").

Finally, because there is not sufficient evidence before the Court upon which a reasonable jury could find that Plaintiff's hernia was treated – or failed to be treated – in a manner that violated his Fourteenth Amendment right to medical care, there is no underpinning for a liability claim against Defendant Rudd Medical based on a theory that a policy or custom of Rudd Medical caused Plaintiff to suffer a constitutional injury. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Colemon v. City of Cincinnati*, 2023 WL 5095804, at *4 (6th Cir. Aug. 9, 2023) ("Supreme Court and Sixth Circuit precedent holds that a constitutional *injury* is required to pursue a *Monell* claim."); *White v. City of Detroit, Michigan*, 38 F.4th 495, 500 (6th Cir. 2022).

Given Defendant Rudd Medical's unrebutted evidence about the treatment that was provided to Plaintiff and given the lack of any evidence supporting Plaintiff's allegations that he was denied treatment for non-medical reasons or in a manner inferring a reckless disregard for his medical needs, no reasonable jury could find in favor of Plaintiff on his claim against Defendant Rudd Medical.

Quite similarly, no reasonable jury could find in favor of Plaintiff on his claim against Defendant Rutherford County. A municipality, such as Rutherford County, may be held liable under Section 1983 only when an official "policy or custom" caused a violation of a plaintiff's constitutional rights. *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). To demonstrate a basis for municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). In essence, liability attaches only if a plaintiff shows that it is a policy the municipality that is the "moving force" behind the constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). However, there can be no basis for a municipal liability claim under Section 1983 unless there is an underlying constitutional violation. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 730-31 (6th Cir. 2022); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

In Plaintiff's case, the lack of evidence that he suffered a constitutional violation is, itself, a sufficient basis upon which to grant summary judgment to Defendant Rutherford County. Furthermore, Plaintiff has failed to present any evidence regarding an actual policy or custom on the part of Rutherford County. The lack of such evidence also requires granting summary judgment to Defendant Rutherford County. Plaintiff has simply failed to provide any evidence upon which a reasonable jury could find in favor of his claim against Defendant Rutherford County.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that motions for summary judgment filed by Defendant Rudd Medical (Services) (Docket Entry No. 24) and by Defendant Rutherford County, Tennessee (Docket Entry No. 33) be **GRANTED,** that summary judgment be **GRANTED** in favor of the Defendants, and that this action be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge